# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.

LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
Elizabeth Blair
John W. Campion
Ramuel R. Figueroa
Jonathan Greenberg
Kyle Kent
Gabriela A. Leija
Julie K. Linnen
Dennise Moreno
Tom Phillip
Joshua D. Uller
Alex Vlisides

22 East Mifflin Street
Suite 1000
Madison, Wisconsin 53703

Telephone 608-260-9900
Facsimile 608-260-9901

April 12, 2024

Honorable William M. Conley
United States District Court Judge
120 North Henry Street
Madison, Wisconsin 53703

    Re:    *United States v. Seth W. Fagan*
            Case No. 23-cr-105-jdp

To the Honorable James D. Peterson:

    In anticipation of sentencing and in support of a thirteen-year sentence, the defense files this memo and the attached letter.

    There are four traditional aims of sentencing—rehabilitation, deterrence, protection of the public, and just punishment. The parties' agreed range will imprison Fagan at least thirteen and up to eighteen years. Given that range, the defense submits that deterrence and rehabilitation will certainly be fully accomplished—nothing more is accomplished in years fourteen and fifteen that wouldn't be accomplished by a thirteen-year sentence. Well over a decade in prison for a person who has never even been to jail is more than enough time to deter Fagan from future criminal conduct. Thus, the question becomes: what is just and sufficient punishment for Fagan's crime?

    That, of course, is a much harder question and requires balancing the individual and the offense. When Fagan was arrested, it seemed that he had been waiting for someone to talk to. He talked to police about the snapchat accounts he had and what he had done. He provided his own theory for why he acted the way that he did: that he felt

Federal Defender Services
  Of Wisconsin, Inc.

Page -2-

17 years old, that some part of him still related to people that way.[1] This was probably a simplistic way of understanding himself but was a start.

Following his arrest, he sought help. He opened up to his doctors, who had already been treating him for anxiety, depression and ADHD.[2] He explained that he had sexual desires that were wrong and extremely difficult. He had done things that he couldn't reconcile with himself. The doctors noted a diagnosis of "paraphilia," meaning persistent problematic sexual interests.[3] He specifically sought out medication to lower his libido, in the form of an injectable antidepressant know to have this effect.[4] He lived for another 6 months at home, going to therapy, managing his mental health, and trying to slowly peel back the layers of himself that allowed him to commit this crime.[5] He not only had to grapple with this sexual attraction, but also that it was not merely his sexuality that led here. He was willing to misrepresent himself. He was willing to take advantage of these girls. He was willing to use pressure and coercion.

The process of grappling with these things is still ongoing. I have been with him numerous times when he was reduced to tears. Each time, it was a conversation about the victims in this case. Each time, he was trying to communicate some form of shame or regret or just pain. He has not yet had enough therapy and guidance to understand himself and how he could do this. But the core of deep human pain at causing these other humans pain is within him.

Fagan took first steps: he admitted these issues to his doctors and he sought medication to mute the part of him that seemed to drive this: his libido. Whether this is the best medical treatment will be decided by others. But this, along with his attached letter, show the sincerity of his desire to address this part of him. He also had to grapple with the role of his drug abuse. He was prescribed Adderall, but would often use it well beyond his prescription. He would use up a month-long prescription in a week or two, often not sleeping for days, and then when he ran out, would withdraw into depression until he could refill his next prescription. He believes this was, in part, a cycle of use to avoid grappling with his criminal actions.

While these actions, reflections, and his letter reflect Fagan's contrition, this truth will probably mean little to the victims. The defense will not offer extensive commentary on the undoubtedly profound impact on the victims, which it is not in the best position

---

[1] PSR ¶ 12.
[2] PSR ¶ 100.
[3] PSR ¶ 100.
[4] PSR ¶ 98.
[5] PSR ¶ 1 (noting that he was released April 6, 2023 on a signature bond).

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.

Page -3-

to offer. The defense defers to the government and the victim statements on this point, which the Court will all rightly consider.

The plea agreement in this case ensures that the sentence will be enormous. Fagan had no desire for the victims to endure a trial, and the parties' agreement ensured that that would be the case. This range of 13 to 18 years reflects the recognition that Fagan's crimes were extremely serious.

The lower end of this range is sufficient to punish, while also distinguishing from more culpable defendants. For instance, this Court recently addressed sentencing in *United States v. Koeckeritz*.[6] This human trafficking case included repeated forcible rapes, sexual assault of an adult and a minor, violent physical abuse, death threats, and sexual economic exploitation.[7] Koeckeritz's previous, uncharged conduct included other forcible rapes, possession of thousands of child pornography images, domestic abuse, and other forced sexual encounters.[8] Koeckeritz received a sentence of 20 years.[9] Fagan's crime was enormously serious. But it also did not involve physical violence, physical sexual violence, or human trafficking. That matters as well.

It is part of this Court's work to place a defendant on a spectrum of culpability. It does not diminish the harm caused to the victims in this case to acknowledge that Fagan's actions should be distinguished from examples like the case above.

The defense requests a sentence of 13 years in custody. Finally, Fagan requests placement in a facility as close as possible to his family in the La Crosse, WI area.

Thank you for your time in considering this matter.

> Sincerely,
>
> */s/ Alexander P. Vlisides*
>
> Alexander P. Vlisides
> Associate Federal Defender

---

[6] 23-cr-3-jdp.
[7] *Id.*, R.157: 4-11.
[8] *Id.*, R.157: 15-17.
[9] *Id.* R. 169.